IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAPHAEL F. ENCINGER, | ) | 4:08CV3242 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **ORDER** |
| THE CITY OF GRAND ISLAND, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint on December 3, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on December 3, 2008, against the City of Grand Island. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's Complaint is almost completely illegible and extremely difficult to decipher. From what the court can decipher, Plaintiff generally alleges that "the Police" entered his home without permission and removed his paintball gun. (*Id*. at CM/ECF p. 2.) Plaintiff also alleges that the attorney's office "sent false reports to the VA . . . ." (*Id*.) However, Plaintiff failed to request any relief.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.   DISCUSSION OF CLAIMS

Upon review, the court cannot ascertain what Plaintiff is requesting because he failed to allege a sufficient factual or legal basis for his claims and failed to request any relief. However, on its own motion, the court will permit Plaintiff 30 days to file an amended complaint that sufficiently states a factual or legal basis for his claims. The court cautions Plaintiff that failure to adequately state a claim by March 23, 2009, will result in dismissal of his Complaint without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **March 23, 2009**, to amend his Complaint and adequately state a factual and legal basis for his claims. If Plaintiff fails to submit an adequate amendment, this matter will be dismissed without prejudice and without further notice.

2. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: **March 23, 2009**: check for amended complaint and dismiss if none filed.

February 19, 2009.        BY THE COURT:

*S/Richard G. Kopf*
United States District Judge